UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
DOCKET NO. 1:17-cv-349

| | | |
|---|---|---|
| **NANCY L. MORGAN,** | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | ORDER |
| | ) | |
| **NANCY A. BERRYHILL, Acting Commissioner** | ) | |
| **of Social Security,** | ) | |
| | ) | |
| Defendant. | ) | |

**THIS MATTER** is before the Court upon Plaintiff's Motion for Summary Judgment
(Doc. No. 10) and Commissioner's Motion for Summary Judgment (Doc. No. 14). Having
carefully considered such motions and reviewed the pleadings, the court enters the following
findings, conclusions, and Order.

**FINDINGS AND CONCLUSIONS**

**I.      Administrative History**

Plaintiff filed an application for a period of disability and Disability Insurance Benefits
on March 10, 2014, alleging a disability onset date of December 5, 2008.  Her date last insured
was June 30, 2013.  She subsequently suffered from colon cancer requiring resection and
chemotherapy.  She added a Title XVI Supplemental Security Income claim on November 8,
2016. Plaintiff's claims were denied both initially and on reconsideration. Thereafter, Plaintiff
requested and was granted a hearing before an administrative law judge ("ALJ").  After
conducting a hearing, the ALJ issued a decision finding Plaintiff not disabled on both her Title II
and XVI claims. The Appeals Council denied Plaintiff's request for review, making the ALJ's

decision the final decision of the Commissioner of Social Security ("Commissioner").

Thereafter, Plaintiff timely filed this action, seeking judicial review of the ALJ's decision.

## II.     Factual Background

In his decision, the ALJ first determined that Plaintiff has not engaged in substantial gainful activity since her alleged onset date (Tr. 19).  At the second step, the ALJ concluded that Plaintiff has the following severe impairment: fibromyalgia.  *Id.*  In reaching this determination the ALJ found that Plaintiff's medically determinable mental impairments of borderline intellectual functioning, anxiety, post-traumatic stress disorder, and depression only resulted in a minimal limitation in her ability to perform basic mental work activities. (Tr. 21).

At the third step, the ALJ found that the Plaintiff did not have an impairment or combination of impairments that meet or medically equal the severity of one the listed impairments in 20 C.F.R. § 404, Subpart P, Appendix 1.  (Tr. 22). The ALJ then found that Plaintiff has residual functional capacity (RFC) to perform medium work with the following limitations: "she can frequently climb ramps or stairs and occasionally climb ladders, ropes, or scaffolds. She can frequently balance, stoop, kneel, crouch, or crawl." *Id.*  As a result, the ALJ found in the fourth step that Plaintiff is capable of performing her past relevant work as a machine cloth examiner and inspector and packager.  (Tr. 29). Accordingly, the ALJ found that Plaintiff is not disabled under the Act.

## III.     Standard of Review

The only issues on review are whether the Commissioner applied the correct legal standards and whether the Commissioner's decision is supported by substantial evidence. *Richardson v. Perales*, 402 U.S. 389, 390 (1971); *Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th

Cir. 1990). Review by a federal court is not *de novo*, *Smith v. Schwieker*, 795 F.2d 343, 345 (4th Cir. 1986); rather, inquiry is limited to whether there was "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion," *Richardson*, 402 U.S. at 400. Even if the undersigned were to find that a preponderance of the evidence weighed against the Commissioner's decision, the Commissioner's decision would have to be affirmed if supported by substantial evidence. *Hays*, 907 F.2d at 1456.

## IV. Discussion

Plaintiff raises five challenges to the ALJ's decision: (1) that the ALJ erred in failing to give the decision of the North Carolina Medicaid authority substantial weight as required by *Woods v. Berryhill*, 888 F.3d 686 (4th Cir. 2018); (2) that the ALJ failed to conclude Plaintiff's post-chemotherapy symptoms of neuropathy and cognitive difficulties were severe impairments; (3) that the ALJ provided and incomplete and erroneous analysis of Plaintiff's statements of symptom severity; (4) that the ALJ erred in giving great weight to the opinion of a reviewing state agency physician in assessing the conditions arising after the opinion was issued; and (5) that the ALJ erred in failing to account for Plaintiff's non-severe mental impairments in the residual functional capacity.

On June 30, 2015, the North Carolina Department of Health and Human Services ("NCDHHS") issued a decision finding the Plaintiff disabled and entitled to Medicaid benefits. (Tr. 140-42). The hearing officer concluded that Plaintiff's colon cancer residuals limited her to sedentary work. (Tr. 141). The ALJ herein assigned the NCDHHS decision "little weight." (Tr. 28).

In the recent case of *Woods*, the Fourth Circuit determined that an ALJ must give substantial weight to a prior disability determination by the NCDHHS. *Woods*, 888 F.3d at 692.

If the ALJ gives less that substantial weight to the decision, he or she must "'give persuasive specific, valid reasons for doing so that are supported by the record.'" *Id.* (quoting *McCartey v. Massanari*, 298 F.3d 1072, 1076 (9th Cir. 2002). Otherwise, the court is unable to engage in a meaningful review.

In explaining why he gave the NCDHHS decision herein "little weight," the ALJ stated:

> The claimant's representative submitted a brief in which the representative stated that the claimant was awarded Medicaid benefits with an effective date of August 1, 2014 (Ex. 17E). As it relates to the relevant period for the Title II claim, this decision is well after the June 2013 date last insured. Thus, the opinion is not necessarily probative of the claimant's functional limitations and abilities prior to the date last ensured. As it relates to both the Title II and XVI claims, the standards for Medicaid are not the same as those under Social Security law. Furthermore, the decisions of any other agency or entity, whether Medicaid, workers compensation, or some other decision, are not binding on the Commissioner. The undersigned finds that other evidence discussed above is more probative of the claimant's functional limitations and abilities than a Medicaid decision made for purposes other than Social Security disability adjudication.

(Tr. 28). Similar language was used in *Woods* and rejected as insufficient by the court, as it was "neither persuasive nor specific." *Woods*, 888F.3d at 693.

The Commissioner heavily focuses on the fact that the NCDHHS found Morgan's cancer to be a step two severe impairment, while the ALJ did not. Under *Woods*, if the ALJ disagrees with the NCDHHS he must explain why with reference to the evidence considered. *Id.* at 694. The ALJ herein failed to do so. The Commissioner attempts an explanation for the ALJ based on the differing step two findings. Yet, the ALJ never addressed the substance of the NCDHHS decision or its findings as would be necessary to adequately explain his reasoning under *Woods*. The Commissioner cannot now support the decision on grounds the ALJ did not even acknowledge.

Based upon the foregoing, the Court finds that the decision of the ALJ is not supported by substantial evidence. Plaintiff's Motion for Summary Judgment will be granted, the

Commissioner's Motion for Summary Judgment will be denied, and the decision of the Commissioner will be vacated and remanded for a new hearing and decision not inconsistent with this Order.

**IT IS THEREFORE ORDERED** that

(1) Plaintiff's Motion for Summary Judgment is **GRANTED**, and the Commissioner's Motion for Summary Judgment is **DENIED**;

(2) The decision of the Commissioner, denying the relief sought by Plaintiff, is **VACATED** and this action is **REMANDED** to the Commissioner for a new hearing and decision not inconsistent with this Order; and

(3) This action is **DISMISSED**.

Signed: December 17, 2018

Graham C. Mullen
United States District Judge